# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**HARRELL KING,**                                                     **PLAINTIFF**

**V.**                  **NO. 2:04CV345-WAP-EMB**

**WARDEN COOK, WARDEN BRADLEY,**
**CHIEF BROWN, LIEUTENANT DICKSON,**
**LIEUTENANT PAULER & JOHN DOE**                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

On April 6, 2005, the *pro se* plaintiff, Harrell King, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently an inmate at the Tallahatchie County Correctional Facility. He makes several claims in the Complaint. First, he alleges that when he arrived at the facility in June 2004, he was placed on 24-hour "lockdown" and only allowed out of his cell fives times during the course of two months for a one-hour recreation period. He admits, however, that Warden Cook informed him that there wasn't a place for recreation, and recreation cages were being built. Second, he alleges that on July 13, 2004, he was stripped of all privileges and rehoused without a hearing. Third, he claims that in September 2004, Chief Brown ordered that his cell be completely stripped; and he was left without any property, namely no clothing, mattress or bedding, for 72 hours. Fourth, he alleges he was assaulted by Lieutenant Pauler in September 2004, when Pauler sprayed him with mace in his mouth. Plaintiff claims that Pauler asked him whether he had thrown something. When plaintiff was in the process of answering no,

Pauler sprayed him in the mouth with mace. He alleges he lost consciousness as a result of this incident.

At the *Spears* hearing, plaintiff testified that his confinement in the "stripped cell" was punishment for a flooding that occurred in his cell. Plaintiff said though he did not cause the flood, he was punished along with other inmates because water had pooled on the floor of several cells.

Plaintiff presumably claims defendants housed him in "lockdown" in violation of the Due Process Clause. However, in view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the undersigned finds plaintiff has failed to set forth a claim which implicates the Due Process Clause. As the *Sandin* Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. 115 S. Ct. at 2300 (citations omitted).

With respect to plaintiff's claim that he was rehoused without a hearing, the law holds that "inmates have neither a protectable property or liberty interest in any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations

2

omitted); MISS. CODE ANN. §§ 47-5-99 to -103 (1993). Similarly, concerning plaintiff's claim that his privileges were revoked, the undersigned finds he has failed to allege a protected liberty interest in any privilege that would entitle him to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974).

Plaintiff's "stripped cell" claim likewise does not pass constitutional muster. The Supreme Court has held that an inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.' " *Id*. at 834, 114 S.Ct. at 1977 (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind' " *Id*., 114 S.Ct. at 1977. In this case, plaintiff has not claimed that the discomfort he experienced the three days he was in a "stripped cell" was so long-lasting that it caused any serious harm to his health or restricted any of his regular activities. Indeed, he makes no claim of injury whatsoever. As such, he has not alleged facts that are sufficient to establish the essential elements of an Eighth Amendment violation, and this claim should be dismissed.

With respect to plaintiff's excessive force claim, however, the undersigned finds plaintiff has stated facts sufficient to make out a constitutional claim against Defendant Pauler. Accordingly, it is recommended that plaintiff be allowed to proceed only against Defendant Pauler, and that his claims against the remaining defendants be dismissed for failure to state a claim and as frivolous.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The

parties are warned that any such objections are required to be in writing and must be filed within ten days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 18th day of April, 2005.

**/s/   Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**